UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

ERIC PRINCE JOHNSON GIBSON,

Petitioner,

-against-

KENNETH GENALO, *et al.*,

Respondents.

---------------------------------------------------------X

26-CV-6646 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

On September 25, 2026, I held an Order to Show Cause hearing at 1:00 p.m., which was attended by counsel for Respondents and counsel for Petitioner. At the hearing, I referenced *Seepersad v. Sessions*, which explains that for the purposes of a waiver of inadmissibility, "with an adjustment application, the criminal alien *in* the United States steps into the shoes of one at the border seeking admission *to* the United States." 892 F.3d 121, 124 (2d Cir. 2018) (emphasis in original). Because Petitioner has not one but two adjustment applications pending, I asked why this did not render Section 1226(c)(1)(B) inapposite, which applies only to deportable rather than inadmissible individuals.

In response, Respondents indicated that Petitioner was not inadmissible, but rather deportable, as he had been admitted to the United States in 2003 and the commencement of deportation proceedings in 2016 rendered him deportable rather than inadmissible. However, the Second Circuit has held that although "[s]ection 212(h) only waives a ground of inadmissibility, not a ground of deportability . . . both LPRs and non-LPRs who are already present in the United States are able to apply for an adjustment of status under 8 U.S.C. § 1255; upon application, the

applicant is assimilated to the position of an alien outside the United States seeking entry as an immigrant," for the purposes of analyzing whether waiver is appropriate. *Jankowski-Burczyk v. I.N.S.*, 291 F.3d 172, 175 n.2 (2d Cir. 2002) (internal quotation marks omitted) (citing *In Re Mendez-Moralez*, 21 I. & N. Dec. 296, 299 (BIA 1996) (finding that individual who was a lawful permanent resident who had committed a crime of moral turpitude was nonetheless "eligible for section 212(h) relief" because of application for an adjustment of status)).

The parties shall submit their legal positions in a letter of no more than three pages by Monday, September 28, 2026 on what effect Petitioner's pending applications for adjustment of status had on his eligibility for the waiver of inadmissibility he was issued in 2016 as well as the applicability of Section 1226(c)(1)(B) today. The Government shall also include in its submission whether it intends to remove Petitioner to Liberia or some third country.

SO ORDERED.

Dated: September 25, 2026
New York, New York

Vernon Broderick

Vernon S. Broderick
United States District Judge